(169 App. Div. 344)

### KNOWLTON BROS. v. NEW YORK AIR BRAKE CO. et al.

### SAME v. NEW YORK AIR BRAKE CO.

(Supreme Court, Appellate Division, Fourth Department.    October 13, 1915.)

1. APPEAL AND ERROR ⬤➾1194—REVERSAL—CONSTRUCTION OF DECISION.
      The Appellate Division's disapproval of a finding is not necessarily a
    disapproval of each separate statement of the finding, but indicates only
    that the whole finding as made should not stand.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–
    4656, 4660; Dec. Dig. ⬤➾1194.]

2. APPEAL AND ERROR ⬤➾1194—REVERSAL—CONSTRUCTION OF DECISION.
      Where the Appellate Division's reasons for disapproving a finding
    appear in its opinion, such disapproval should be construed in the
    light of the reasons therefor expressed in the opinion.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–
    4656, 4660; Dec. Dig. ⬤➾1194.]

3. APPEAL AND ERROR ⬤➾1185—REVERSAL—GRANTING INJUNCTION PENDING
    NEW TRIAL.
      Where, after the reversal of a judgment granting an injunction, plain-
    tiff procured a new temporary injunction restraining the defendant from
    disturbing existing dams pending a new trial, the Appellate Division
    would not, on motion for rehearing, amend its decision, so as to revive or
    continue the original temporary injunction, in view of the doubtfulness of
    the power to do so and the absence of any present necessity for the ex-
    ercise of such power.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4636–
    4641; Dec. Dig. ⬤➾1185.]

On motion by plaintiff for reargument of the appeal in both actions. Motion denied.

For former opinions, see 154 N. Y. Supp. 675, 689.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Smith & Phelps, of Watertown (Pardon C. Williams, of Watertown, and Louis L. Waters, of Syracuse, of counsel), for plaintiffs.

Elon R. Brown, of Watertown, for defendant New York Air Brake Co.

Arthur C. Rounds, of New York City, for defendant Watertown Light & Power Co.

PER CURIAM.  The plaintiff on this motion for reargument contends that our decision of the questions discussed in the opinion of the court does not necessarily require a reversal of the judgment.  While it is true that we might have undertaken to make a final judgment in the case, it did not seem proper to do so.

The conclusions reached by the learned referee, to the effect that the owners on the south channel had acquired, by prescription and the covenant against hydraulic works on the east end of the island, the right to divert into the south channel all the waters of the north channel, except the limited quantity passing through the opening in the north shore dam, led necessarily to the judgment he rendered en-

joining any hydraulic-development on the east end of the island. As we were unable to concur in these conclusions, and as they form so important a part of the foundation for the judgment, it has seemed best that a new trial should be had, where, unless the above-mentioned conclusions are supported by additional evidence, the other questions may be considered independent of and uninfluenced by them.

It is said that we are in error in speaking of Beebe as a tenant in common with others in the north channel dam. It was our opinion that Beebe did not acquire title to the north shore of the river and the north half of the bed of the north channel until some time after he received the deed to the east end of the island, in which was reserved the right to maintain the dam across the north channel, and that the title he acquired to the north half of the north channel, on which part of this dam stood, and the north bank, against which it abutted, was not affected by any reservation or covenant in the deed to him of the east end of the island and the south half of the north channel. His title on the north shore and in the north half of the river channel was the same as that of his grantor, who had granted no right to maintain the dam in the north half of the north channel on his land. Beebe, therefore, had a perfect right to destroy that part of the dam which was in the north half of the north channel after he became its owner without thereby committing a breath of his agreement in the deed to him of the east end of the island. Instead of destroying it, he saw fit to make use of it to run his cotton mill, by using the water which this dam assisted to impound and turn into his flume. This, we think, placed him in much the same position as if he had himself constructed that part of the dam which was on his own land in the north half of the north channel unincumbered by any covenant or agreement on his part, or had joined with others in constructing the whole dam across the north channel. From the time he so commenced to use the dam, it was not maintained by others adversely to him.

[1, 2] It is further urged that our disapproval of the whole of certain findings of fact will lead to embarrassment on the new trial, inasmuch as certain separable parts of these findings are undisputed or well supported by evidence. Our disapproval of a finding indicates only that we did not think the whole finding as made should stand. It is not necessarily a disapproval of each separate statement of the finding. Our reasons for disapproval appear in the opinion of the court, and our disapproval should be construed in the light of the reasons therefor expressed in the opinion.

[3] Whether our reversal of the judgment has the effect to revive or continue the temporary injunction pending the new trial is a question which we think should not be determined upon this motion. Plaintiff having, since our decision, procured another temporary injunction enjoining the defendant New York Air Brake Company from disturbing the present dams pending the new trial, we are not disposed to attempt by amendment of our decision to expressly order a revival or continuance of the original temporary injunction. Our power to do so is doubtful. If it exists, there is no present necessity for its exercise. Undoubtedly, the Air Brake Company should not be permit-

ted to make its proposed hydraulic development until the extent and limits of its right are settled by final judgment in these actions. This the new injunction will accomplish.

Our views upon the other questions urged upon this motion appear sufficiently in the opinion which accompanied our decision.

The motion is denied, with $10 costs.